**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN BACIK, | : | Case No. 1:20-cv-144 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| ERIE INSURANCE PROPERTY & | : | |
| CASUALTY COMPANY d/b/a ERIE | : | |
| INSURANCE EXCHANGE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant, Erie Insurance Exchange (incorrectly identified as "Erie Insurance Property & Casualty Company d/b/a Erie Insurance Exchange), by and through its undersigned counsel, DiBella, Geer, McAllister & Best, P.C., files this Brief in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)6).

**PRELIMINARY STATEMENT**

This action relates to a property insurance claim presented by the Plaintiff, Kevin Bacik, under an Ultrapack Plus Policy issued to Mr. Bacik by Erie Insurance Exchange. Mr. Bacik's claim stemmed from alleged losses of income resulting from the recent SARS-CoV-2 (hereinafter "the Coronavirus") outbreak and pandemic, and a series of orders issued by the Ohio Governor, Mike DeWine, and the Ohio Department of Health in response thereto. Mr. Bacik commenced this litigation in the U.S. District Court for the Western District of Pennsylvania, and, in support of this Court's diversity jurisdiction, alleged that complete diversity of citizenship exists among the parties in that he is a citizen of Ohio and Erie Insurance Property & Casualty Company is a citizen of Pennsylvania. (*See* Doc. 1 at ¶¶ 1-3).

Mr. Bacik seeks a declaration from this Court that coverage for his income losses exists under the Ultrapack Plus Policy.  As set forth below, Mr. Bacik has failed to state a claim against Erie Insurance Property & Casualty Company because it did not issue the Ultrapack Plus Policy to Mr. Bacik, and it is axiomatic that a party is not obligated by a contract to which it is not a party.  Rather, Erie Insurance Exchange issued the Ultrapack Plus Policy to Mr. Bacik, and is the proper Defendant in this action.  As an unincorporated entity, however, Erie Insurance Exchange is a citizen of every state in which its policyholders are citizens for purposes of this Court's diversity jurisdiction.  Mr. Bacik himself is a citizen of Ohio, thereby making Erie Insurance Exchange a citizen of Ohio.  Erie Insurance Exchange and Plaintiff are, therefore, not diverse parties, and this Court lacks subject matter jurisdiction over this matter.  Accordingly, this Court must grant the instant Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL HISTORY

Mr. Bacik is a sole proprietor who operates as a barber, and who is a citizen of the State of Ohio.  (*See* Doc. 1 at ¶ 1).  Mr. Bacik alleges that he was compelled to cease and/or significantly reduce his operations, and therefore lost certain income, as a result of the Coronavirus outbreak and pandemic and the series of orders issued by the Ohio Governor, Mike DeWine, and the Ohio Department of Health in response thereto.  (*See id.* at ¶¶ 16-18, 39-50).  Mr. Bacik sought coverage for his lost income under Ultrapack Plus Policy No. Q972214904 (hereinafter "the Policy), which he alleges was issued to him by Erie Insurance Property & Casualty Company.  (*See id.* at ¶¶ 5-7, 64; Doc. 1-2).  Mr. Bacik alleges that Erie Insurance Property & Casualty Company denied his claim for coverage.  (*See* Doc. 1 at ¶¶ 5, 65).

Mr. Bacik thereafter commenced this litigation on June 9, 2020, and seeks a declaration pursuant to 28 U.S.C. § 2201 that the Policy affords coverage for his claimed losses.  (*See id.* at

¶¶ 66-71).  Mr. Bacik relies upon this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), and alleges that he is a citizen of Ohio.  (*See* Doc. 1 at ¶¶ 1, 3).  Mr. Bacik further alleges that Erie Insurance Property & Casualty Company is a Pennsylvania corporation with a principal place of business in Pennsylvania.  (*See id*. at ¶ 2).

## II.    QUESTIONS PRESENTED

A. Whether this Court lacks subject matter jurisdiction over the instant dispute where complete diversity does not exist between Plaintiff and the entity that issued the subject insurance policy, Erie Insurance Exchange, and where no other basis for federal jurisdiction exists.

*Suggested Answer:  Yes.*

## III.   ARGUMENT

### A.    LEGAL STANDARD FOR MOTION TO DISMISS

A Complaint may be dismissed for lack of subject-matter jurisdiction, and for the failure to state a claim upon which relief may be granted.  *See* Fed.R.Civ.P. 12(b)(1), (b)(6).  The party invoking a district court's subject-matter jurisdiction bears the burden of proving jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("The party asserting diversity jurisdiction bears the burden of proof").  In resolving a factual attack on its jurisdiction, this Court is free to weigh and "consider evidence outside the pleadings." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  Likewise, to survive a challenge under Rule 12(b)(6), the Complaint must set forth sufficient facts, accepted as true, to demonstrate that the plaintiff's claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-11 (3d Cir. 2009).

**B.**     **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE BECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN PLAINTIFFS AND ERIE AND NO OTHER BASIS FOR FEDERAL JURISDICTION EXISTS.**

Although Mr. Bacik alleges that Erie Insurance Property & Casualty Company issued the Policy to him, it was, as is shown on the Policy and the Policy's Declaration Pages, Erie Insurance Exchange that issued the Policy.[1]  (*See* Doc. 1 at ¶ 7; Doc. 1-2; Exh. 1).   Erie Insurance Property & Casualty Company and Erie Insurance Exchange are not the same company, as the former is a wholly-owned subsidiary of Erie Insurance Exchange.  (*See* Exh. 2 at 3 ("[Erie Insurance Exchange] has wholly owned property and casualty subsidiaries including: … Erie Insurance Property & Casualty Company….")).   Erie Insurance Property & Casualty Company is, therefore, not a party to the Policy in that it did not issue the Policy to Mr. Bacik. (*See* Doc. 1 at ¶ 7; Doc. 1-2; Exh. 1).  As a party who is foreign to the Policy, Erie Insurance Property & Casualty Company is not obligated by the Policy, and cannot be held liable for any duty thereunder or breach thereof.  *See Jackson v. Sunnyside Toyota, Inc.*, 175 Ohio App.3d 370, 376, 887 N.E.2d 370, 375 (2008) ("It is axiomatic that the plaintiff must show that the defendant was a party to the contract before proceeding on a breach of contract theory"); *Electron Energy Corp. v. Short*, 597 A.2d 175, 176-79 (Pa. Super. 1991) ("It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract").  Mr. Bacik has,

---

[1]     This Court may consider the Policy and Declaration Pages because they have been attached to Mr. Bacik's Complaint, and because Mr. Bacik's claim explicitly relies upon the Policy and Declaration Pages.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (holding that a court may consider documents attached to a Motion to Dismiss that are integral to or explicitly relied upon in the Complaint even if they are not attached to the Complaint).  This Court may also consider the Policy and Declaration Pages because Erie Insurance Exchange (incorrectly identified as "Erie Insurance Property & Casualty Company") is making a factual challenge to this Court's jurisdiction.  *See Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a factual attack [on its subject-matter jurisdiction], the court may consider evidence outside the pleadings").

therefore, failed to state a claim for declaratory judgment against Erie Insurance Property & Casualty Company.

As the issuer of the Policy, Erie Insurance Exchange is the appropriate Defendant.  Erie Insurance Exchange is not a corporation, but is, as has been repeatedly recognized by courts of the Third Circuit, a reciprocal insurance exchange.  *See Ritz v. Erie Indem. Co.*, 2019 WL 438086 at 1 (W.D.Pa. Feb. 4, 2019) ("Erie Insurance Exchange is a subscriber-owned reciprocal insurance exchange organized under Pennsylvania law.  The Exchange is not an incorporated entity"); *Beltz v. Erie Indem. Co.*, 733 F. App'x. 595, 597 (3d Cir. 2018) ("[Erie Insurance Exchange] is a subscriber-owned reciprocal insurance exchange organized under Pennsylvania law.  Since the Exchange itself is unincorporated and has no officers or employees, its affairs are managed by the Erie Indemnity Company"); *Erie Ins. Exch. v. Stover*, 619 F.App'x. 118, 119 (3d Cir. 2015) ([Erie Insurance Exchange] is an unincorporated Pennsylvania association that issues insurance policies"); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 WL 6948288 at 2 (M.D.Pa. Nov. 28, 2016) *see also Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 WL 2817251 at 1 (N.D. Ohio July 16, 2010).  Erie Indemnity Company's 2020 10-K Report, filed with the U.S. Securities and Exchange Commission, corroborates what the above courts have expressly acknowledged:

> Erie Indemnity Company ("Indemnity", "we", "us", "our") is a publicly held Pennsylvania business corporation that has since its incorporation in 1925 served as the attorney-in-fact for the subscribers (policyholders) at the Erie Insurance Exchange ("Exchange").

Exh. 2 at 3.

As an unincorporated reciprocal insurance exchange, Erie Insurance Exchange is deemed to be a citizen of every state in which its policyholders reside for purposes of diversity jurisdiction.  *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182-84 (3d. Cir. 2008); *Midea*

*Am. Corp.*, 2016 WL 6948288 at 1-2 (holding that there is no dispute in the Third Circuit that the policyholders in a reciprocal insurance exchange are its members, and that the citizenship of a reciprocal insurance exchange is determined by the citizenship of each of its members); *Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 WL 1404162 at 2 (E.D. Pa. 2016) (holding that, for diversity jurisdiction purposes, the citizenship of Erie Insurance Exchange, a reciprocal insurance exchange, depended upon the citizenship of its members); *Erie Ins. Exch. v. Research Prods. Corp.*, 2016 WL 1238811 at 1 (W.D. Pa. 2016) ("Courts have long recognized that reciprocal exchange insurance associations, like [Plaintiff], do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member"); *see also Themis Lodging Corp*, 2010 WL 2817251 at 1-2; *First Colonial Ins. Co. v. Custom Flooring, Inc.*, 2007 WL 1175759 at 2 (D. N.J. 2007) ("The citizenship of unincorporated associations, such as reciprocal insurance associations, is the citizenship of each of its members"); *George H. Draper, III, Inc. v. Canners Exch. Subscribers at Warner Inter-Ins. Bureau*, 294 F.Supp. 1362, 1363 (D. Del. 1968) (holding that the plaintiff, a reciprocal insurance exchange, derived its citizenship from that of its members).

Importantly, Mr. Bacik himself is a citizen of Ohio who is likewise the holder of an insurance policy issued by Erie Insurance Exchange. (*See* Doc. 1 at ¶¶ 1, 7; Doc. 1-2). Because Mr. Bacik, an Ohio citizen, holds a policy issued by Erie Insurance Exchange, Erie Insurance Exchange is a citizen of Ohio. *See Midea Am. Corp.*, 2016 WL 6948288 at 1-2; *Greenwich Ins. Co.*, 2016 WL 1404162 at 2; *Research Prods. Corp.*, 2016 WL 1238811 at 1; *see also Themis Lodging Corp*, 2010 WL 2817251 at 1-2; *First Colonial Ins. Co.*, 2007 WL 1175759 at 2; *George H. Draper, III, Inc.*, 294 F.Supp. at 1363.

Mr. Bacik and Erie Insurance Exchange are, therefore, both citizens of Ohio.  As such, this Court lacks diversity jurisdiction under § 1332(a) over any claim that Mr. Bacik may allege against Erie Insurance Exchange because the complete diversity that is required to support this Court's jurisdiction under § 1332(a) is absent.  *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54, 125 S.Ct. 2611, 2617-18, 162 L.Ed.2d 502 (2005) (holding that § 1332(a) requires complete diversity such that no single plaintiff may be a citizen of the same state as any single defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806), *overruled in part on other grounds by Louisville, Cincinnati & Charleston R.R. Co. v. Thomas W. Letson*, 43 U.S. 497, 11 L.Ed. 353 (1844) (same); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (same); *see also Midea Am. Corp.*, 2016 WL 6948288 at 1-2 *Greenwich Ins. Co.*, 2016 WL 1404162 at 1-3; *AMCO Ins. Co. v. Erie Ins. Exch.*, 2011 WL 5833977 (N.D.Ill. Nov. 16, 2011) (granting motion to dismiss under Rule 12(b)(1) because plaintiff is an Iowa corporation and Erie has policyholders who are citizens of Iowa); *Erie Ins. Exch. v. Electrolux Home Prods., Inc.*, 2011 WL 2945814 (W.D.N.C. July 15, 2011) (remanding case because defendant was a citizen of Delaware and Erie had policyholders who resided in Delaware); *Themis Lodging Corp*, 2010 WL 2817251 at 1-2 (granting motion to dismiss under Rule 12(b)(1) because plaintiff was a citizen of Michigan and Erie policyholders resided in Michigan); *HIOB v. Progressive Am. Ins. Co.*, 2008 WL 5076887 (D.Md. Nov. 24, 2009) (holding that the district court lacks jurisdiction because "Erie Insurance Exchange has members/policyholders who are citizens of Maryland").

In sum, Mr. Bacik has failed to state a claim against Erie Insurance Property & Casualty Company because that entity did not issue the insurance policy under which Mr. Bacik seeks relief, and this Court does not have diversity jurisdiction over any claims that Mr. Bacik might

set forth against Erie Insurance Exchange, the entity that issued the Policy, because both Mr. Bacik and Erie Insurance Exchange are citizens of Ohio. This Court should, therefore, dismiss the Complaint.[2]

## IV.    CONCLUSION

In light of the foregoing, Defendant, Erie Insurance Exchange (incorrectly identified as "Erie Insurance Property & Casualty Company"), requests that this Court grant its Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(b)(6).

Respectfully submitted,

 /s/ Tara L. Maczuzak, Esquire            
Tara L. Maczuzak, Esquire
Pa. I.D. No. 86709

 /s/ Jason H. Peck, Esquire            
Jason H. Peck, Esquire
Pa. I.D. No. 308111

DiBella, Geer, McAllister & Best, P.C.
Firm No. 099
20 Stanwix Street, Eleventh Floor
Pittsburgh, PA 15222

(412) 261-2900
(412) 261-3222 (Fax)

tmaczuzak@dgmblaw.com
jpeck@dgmblaw.com

*Counsel for Defendant*

---

[2]    The only basis for jurisdiction alleged by Mr. Bacik is diversity-jurisdiction under § 1332. (*See* Doc. 1 at ¶ 3). Regardless, no other basis for federal jurisdiction exists, as Mr. Bacik has not alleged any claim under federal law or that might support this Court's supplemental jurisdiction, and the Federal Declaratory Judgment Act, the basis for Mr. Bacik's sole claim, does not confer jurisdiction upon this Court. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (noting that the Federal Declaratory Judgment Act does not confer jurisdiction).

8